**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN LOUISE RAMSEY IN HER OWN RIGHT<br>7 Windmill Drive<br>Morristown, NJ 07960<br>     Plaintiff,<br><br>  v.<br><br>THE DEVEREUX FOUNDATION (d/b/a DEVEREUX POCONO CENTER)<br>444 Devereux Drive<br>Villanova, PA 19085<br><br>     Defendant | **CIVIL ACTION**<br><br>*No.:*<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.     The Parties

1.      Plaintiff, Diana L. Ramsey (hereinafter referred to as "Ms. Ramsey"), is a resident of the State of New Jersey, and resides at 7 Windmill Drive, Morristown, NJ 07960. Ms. Ramsey is the Administratrix of the estate of Megan Louise Ramsey, duly appointed by the Surrogate of the County of Morris, New Jersey. Diana Ramsey is the mother of Megan Ramsey who died on July 6, 2014.

2.      Defendant, The Devereux Foundation is, at all times pertinent hereto, a non-profit business entity organized and existing under the laws of the Commonwealth of Pennsylvania to provide behavioral healthcare services to patients.  Defendant, Devereux Foundation has a principal place of business at 444 Devereux Drive, Villanova, PA 19085

3.      Upon information and belief, the defendant Devereux Foundation owned, operated, and maintained a community residential facility under the name Devereux Pocono

Center at 1547 Millcreek Rd, Newfoundland, PA 18445. Plaintiff is asserting a professional liability claim against this defendant.

4.      At all times pertinent hereto, Defendant The Devereux Foundation, d/b/a Devereux Pocono Center (hereinafter referred to as "the Facility"), was engaged in the business of owning, operating and/or managing community residential services for disabled persons, providing healthcare, medical services, nursing care, assisted living/personal care to the public, and was at all times material hereto, duly licensed to operate same in the Commonwealth of Pennsylvania, holding itself and its agents, employees, servants, contractors, subcontractors, medical director, staff and/or partners, and those persons granted privileges at the Facility, out to the public as competent and skillful long-term providers and practitioners of healthcare.

5.      Defendant Devereux Foundation, d/b/a Devereux Pocono Center was obliged to bring to bear in the provision of such services the professional skill, knowledge, and care which they possessed, and to pursue their profession in accordance with reasonably safe and acceptable standards of community residential care of disabled persons.  Defendant Devereux Foundation, d/b/a Devereux Pocono Center is directly and vicariously liable for, among other things, the acts and omissions of themselves, their agents, employees, servants, contractors, subcontractors, staff and/or partners who played a role in the care of Plaintiff's decedent Megan Louise Ramsey. Plaintiff is asserting a professional liability claim against this defendant.

6.      Plaintiff has complied with Pa. R.C.P. No. 1042.3, as evidenced by the Certificate of Merit attached hereto in Exhibit A.

## II.      Jurisdiction

7.      This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 pertaining to diversity of citizenship. The Plaintiff is a citizen and resident of the State of New Jersey,

whereas Defendants are citizens of the Commonwealth of Pennsylvania, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

8.       Venue is proper in this district because defendants regularly conduct business in this district and because the events Defendant's principal place of business is located in the Eastern District of Pennsylvania.

**III.   Factual Allegations**

9.       Megan Louise Ramsey was born October 27, 1978, and was diagnosed with Cornelia de Lange Syndrome, a genetic disorder characterized by multiple problems including low birth weight, slow growth, small stature, gastro-esophageal reflux, and behavioral and communication issues with developmental delays.

10.      Persons with Cornelia de Lange are known to be at markedly increased risk of bowel perforation.

11.      As a consequence of her disabilities, Megan resided in a community residential facility, Devereux Pocono Center, at 1547 Millcreek Rd, Newfoundland, PA 18445. Megan had been a resident of this facility for more than 10 years prior to the events of this litigation.

12.      On July 15, 2014, Megan began complaining of right shoulder pain to her caretakers, and was administered Tylenol.

13.      Shoulder pain is a symptom of bowel perforation.

14.      Megan subsequently was reported to be unusually and persistently irritable and aggressive throughout the 3:00 pm to 11:00 pm shift, and vomited at approximately 6:00 pm.

15.      Diana Ramsey spoke to Megan by phone that evening; at that time, Megan was upset and complained of vomiting.  She also stated to Diana Ramsey, "take me to the hospital."

16.      Diana Ramsey also spoke to the residential manager that evening and was informed that in addition to her agitation and changed behavior, Megan had been throwing up and unable to keep her medications down.

17.      The residential manager reported to the on call nurse at or about 8:00 pm that Megan had vomited at 6:00 pm, but was afebrile and had no episodes of diarrhea. The on-call nurse instructed the residential manager to "offer fluids, monitor closely & call nursing if any change or worsening of symptoms."

18.      Megan was reportedly administered Ativan 1 mg at 10:30 pm to decrease her agitation. She remained agitated, and vomited twice more. At 1:45 a.m. on July 16, 2014, Megan was given a second dose of Ativan 1 mg.

19.      Megan further complained that she was unable to move her bowels; she was given a dose of Miralax in response, and at 2:30 am July 16, 2014, she was assisted to her room, where she remained with staff until she was allowed to fall asleep on the floor and was thereafter left unattended.

20.      At 7:00 am, she was found on the floor of her room, unresponsive, stiff, and discolored. CPR was initiated by the residential manager, and 911 was called. On arrival of EMS, Megan's condition was evaluated and assessed, CPR was terminated, and she was pronounced dead following the arrival of the coroner.

21.      Megan Ramsey's death was proximately caused by the failure of her caretakers at Devereux Pocono Center to properly respond to her symptoms and signs of bowel perforation and intra-abdominal infection, and to timely refer and transfer her to appropriate hospital care for treatment of her condition.

22.     Defendants undertook and assumed a duty to Megan Ramsey to render reasonable, proper, competent, adequate, and appropriate evaluation, care, advice, and services in connection with her condition, and to take appropriate measures to improve her condition and to avoid harm.

23.     Plaintiff's decedent relied upon defendants' knowledge, expertise, care, and advice.

24.     The carelessness, recklessness and negligence of the defendants as set forth in the proceeding paragraphs of this complaint substantially increased the risk of harm to Plaintiff's decedent and was the legal cause of the death of Megan Louise Ramsey and all resulting damages claimed of the Plaintiff.

**COUNT I – NEGLIGENCE**
**DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE
RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN
LOUISE RAMSEY IN HER OWN RIGHT v. THE DEVEREUX FOUNDATION (d/b/a
DEVEREUX POCONO CENTER)**

25.     The preceding paragraphs are incorporated herein as if fully set forth at length.

26.     Plaintiff's injuries were caused by the negligence, reckless indifference and carelessness of defendant, The Devereux Foundation (d/b/a Devereux Pocono Center) and its agents, in the following particular respects:

      a.     Failing to properly monitor and evaluate Megan Ramsey's clinical condition and related behavior.

      b.     Failing to properly and timely seek advice and consultation regarding changes in Megan Ramsey's clinical condition and related behavior.

     c.     Failing to properly and timely seek referral and transfer to an emergency department and acute care facility for Megan Ramsey's deteriorating clinical condition and related behavior for evaluation and treatment.

     d.     Failing to properly educate, train, and maintain clinical competence of Megan Ramsey's caregivers as to her longstanding clinical condition and day to day medical needs.

     e.     Leaving Megan Ramsey unattended and unable to care for herself as she succumbed to diffuse peritonitis.

27.     Defendant The Devereux Foundation (d/b/a Devereux Pocono Center) is vicariously responsible for the negligent acts and omissions of its staff, who at all times acted as their agent, employee, and/or servant.

**WHEREFORE,** plaintiff demands punitive and compensatory damages from defendant The Devereux Foundation (d/b/a Devereux Pocono Center), in a sum in excess of the limits for arbitration, plus interests, costs, and damages for prejudgment delay.

**COUNT II – WRONGFUL DEATH**
**DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN LOUISE RAMSEY IN HER OWN RIGHT v. THE DEVEREUX FOUNDATION (d/b/a DEVEREUX POCONO CENTER)**

28.     The preceding paragraphs are incorporated herein as if fully set forth at length.

29.     Plaintiff Diana L. Ramsey brings this action on behalf of all persons entitled by law to recover damages for the death of Megan L. Ramsey pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301. No other action for wrongful death has been commenced.

30.     The persons entitled by law to recover damages under the Pennsylvania Wrongful Death Act for the death of Megan L. Ramsey are as follows:

      a.   Diana L. Ramsey (parent)

      b.   Allen Ramsey (parent)

31.     Notice of this lawsuit has been served upon all individuals identified in the preceding paragraph.

32.     Plaintiff claims all damages recoverable at law for the wrongful death of Megan L. Ramsey including medical expenses, funeral expenses, expenses of administration and the loss of the care, comfort, society and support of Plaintiff's decedent.

WHEREFORE, Plaintiff Diana L. Ramsey claims of Defendant, The Devereux Foundation (d/b/a Devereux Pocono Center), punitive and compensatory damages in a sum in excess of the arbitration limits plus interest and costs.

## COUNT III – SURVIVAL ACTION
### DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN LOUISE RAMSEY IN HER OWN RIGHT v. THE DEVEREUX FOUNDATION (d/b/a DEVEREUX POCONO CENTER)

33.     The preceding paragraphs are incorporated herein as if fully set forth at length.

34.     Plaintiff brings this action on behalf of the Estate of Megan L. Ramsey, Deceased, pursuant to the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302, and claims on behalf of the Estate of Megan L. Ramsey all damages recoverable by law, including damages for decedent's pain and suffering.

WHEREFORE, Plaintiff Diana L. Ramsey claims of Defendant, The Devereux Foundation (d/b/a Devereux Pocono Center), punitive and compensatory damages in a sum in excess of the arbitration limits plus interest and costs.

 

 

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK, & DODIG, LLP**

 

     /s/ MARK W. TANNER
MARK W. TANNER, ESQ. 58738
EVAN Y LIU, MD, JD
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
215-567-8300
mtanner@feldmanshepherd.com
eliu@feldmanshepherd.com
Attorneys for Plaintiff

Date: January 25, 2016

# V E R I F I C A T I O N

I, Diana L. Ramsey, verify that I am the person who has knowledge of the facts set forth in the foregoing pleading, and that the facts are true and correct to the best of my knowledge, information and belief.   I further understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section 4904, relating to unsworn falsification to authorities.


Diana L. Ramsey

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANA L. RAMSEY AS ADMINISTRATRIX OF THE ESTATE OF MEGAN LOUISE RAMSEY, DECEASED, AND AS PARENT AND LEGAL GUARDIAN OF MEGAN LOUISE RAMSEY IN HER OWN RIGHT<br><br>        Plaintiff,<br><br>v.<br><br>THE DEVEREUX FOUNDATION (d/b/a DEVEREUX POCONO CENTER)<br>        Defendant | **CIVIL ACTION**<br><br>*No.:*<br><br>**JURY TRIAL DEMANDED** |

<u>**CERTIFICATE OF MERIT AS TO THE DEVEREUX FOUNDATION
d/b/a DEVEREUX POCONO CENTER**</u>

I, Mark W. Tanner, Esquire, certify that:
   (Attorney or Party)

■    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND

■    the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐    expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:  January 25, 2016

                                    MARK W. TANNER
                                    Attorney for Plaintiff,